NOT FOR PUBLICATION OR CITATION

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## PIKEVILLE

CIVIL ACTION NO. 06-CV-209-GFVT

RAFAEL LUNA                                                        PLAINTIFF

VS:                        **MEMORANDUM OPINION AND ORDER**

DR. BHADRA, ET AL.                                               DEFENDANTS

Rafael Luna, who is currently confined in the United States Penitentiary-Big Sandy

("USP-Big Sandy") in Inez, Kentucky, has filed a *pro se* civil rights complaint under 28 U.S.C.

§1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*,

403 U.S. 388 (1971) [Record No. 1].[1]  The plaintiff has also filed a "Motion to Proceed *In Forma*

*Pauperis*" [Record No. 2], which the Court will address by separate Order.

This matter is before the Court for initial screening.  28 U.S.C. §1915A; *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir.  1997).

To establish a right to relief under *Bivens*, the plaintiff must plead and prove two essential

elements.  First, he must show that he has been deprived of rights secured by the Constitution or

laws of the United States.  Second, he must demonstrate that the defendants allegedly depriving

him of those rights acted under color of *federal* law.  *Bivens*, 403 U.S. at 397.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those

---

[1]To the extent that the plaintiff refers to having filed a claim under the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§1346(b), 2671-2680, the plaintiff may also be asserting claims under the FTCA.

drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  Under 28 U.S.C. §1915(e)(2), a district court may dismiss a case at any time if it determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff named the following defendants:  (1) Dr. Bhadra, whom the plaintiff identifies as a doctor at USP-Big Sandy; and (2) Dr. Ramirez, whom the plaintiff identifies as a doctor at USP-Big Sandy.

## CLAIMS

He alleges that the defendants' failure to provide him with the "proper"medical treatment violates his rights under the Eighth Amendment of the United States Constitution. The plaintiff alleges that the named defendants, doctors at USP-Big Sandy,  have refused to provide him with the adequate and necessary medical treatment in connection with a chronic shoulder condition and from another condition, a back injury which he states resulted from a fall on July 5, 2002.

## RELIEF REQUESTED

The plaintiff seeks monetary damages in the amount of $47,000.00.  It appears that he also seeks injunctive relief in the form of an order requiring USP-Big Sandy to pay for and provide him with "proper" medical treatment.

## ALLEGATIONS OF THE COMPLAINT

The BOP's responses to the plaintiff's administrative remedy filings reveal that the plaintiff was confined at USP-Lee in Virginia until January 13, 2006.  On that date, he was

2

transferred to USP-Atlanta in Georgia, where he was confined until being transferred to USP-Big Sandy on February 2, 2006.  The plaintiff arrived at USP-Big Sandy on February 2, 2006.  The plaintiff alleges that he has suffered from ongoing pain and discomfort in his right shoulder.

The plaintiff's exhibits reveal that the plaintiff's shoulder condition may have arisen as the result of an extended bus ride [*See* K.M. White Administrative Remedy Response, 5/17/06]. Plaintiff states that although he has been to sick call on numerous occasions, " . . . all they do is give medication.  I want the pain to stop to get proper treatment."  [Complaint, §IV (B)]

Specifically, the plaintiff alleges that as a result of this condition, his arm swells for extended periods of time without abatement.  The plaintiff states that he is afraid he will develop blood clots and an infection due to his arm being swollen.  He further complains that he suffers pain in his back and knee which developed when he fell in 2002.

Although the plaintiff offers no specific suggestions as to the preferred or needed course of  treatment, he alleges that additional and/or different medical treatment will cause his pain to cease and the swelling to subside.  In his complaint, the plaintiff does not discuss or refer to either Dr. Bhadra or Dr. Ramirez with any degree of specificity concerning his medical treatment at USP-Big Sandy, other than simply to name them as defendants.

EXHAUSTION PROCESS<br>BP-9 "Request for Administrative Remedy"

The plaintiff has attached documents to his complaint indicating that he has fully exhausted his *Bivens* Eighth Amendment medical claims.  On January 3, 2006, he filed a  BP-8 appeal.  He alleged that on December 13, 2005, the doctor on the  "medical staff" examined him

3

by feeling his shoulder cuff and found no movement of his shoulder.[2]  The plaintiff stated that he

needed an X-ray.  He complained that the only treatment which he received was medications

"and they don't work with the pain and swolleness."  He alleged that his medical treatment was

inadequate.  On January 5, 2006, David Roth, the health Services Administrator at USP-Lee,

responded that an X-ray would be scheduled and that after the X-ray results were received, the

need for  further treatment would be considered.  Roff denied the request for an MRI at that time.

On or about February 21, 2006, the plaintiff then filed a new "Request for Administrative

Remedy" at USP-Big Sandy, again demanding different and better treatment.  On March 23,

2006, Warden Hastings denied the plaintiff's request.  Hastings stated that when the plaintiff

arrived on February 2, 2006, the Physician's Assistant ("PA") examined the plaintiff to

determine if he was appropriate for placement in the general population, made an initial

assessment of the plaintiff, and determined his condition to be "unremarkable."  Hastings noted

that on February 2, 2006, the plaintiff was under no order to take any prescription medications.

The PA scheduled a follow-up examination for February 7, 2006, at which time the

plaintiff was again found to be "unremarkable."  The plaintiff was given pain medication and

was examined for high blood pressure.  Hastings states that during that examination, the plaintiff

did not voice any problems with his back.  The plaintiff again saw the PA on February 22, 2006.

His exam revealed a chronic shoulder problem with no changes noted since the plaintiff's last

medical examination at USP-Lee in December, 2005.

Hastings further noted that the plaintiff was denied a lower bunk bed request because he

---

[2]Since the plaintiff was confined in USP-Lee until January 13, 2006, the December, 2005
examination was obviously conducted by a doctor at USP-Lee.  Presumably, the plaintiff's BP-8
appeal was also submitted to staff at USP-Lee.

did not meet the medical criteria.  An X-ray was ordered and Plaintiff was directed to return to

sick call three weeks (presumably from February 22, 2006).  Hastings informed the plaintiff that

if he sought monetary damages, he would need to submit a claim under the FTCA.

BP-10 "Request for Administrative Remedy"

On March 28, 2006, the plaintiff filed a BP-10 "Request for Administrative Remedy"

with the BOP's Mid-Atlantic Regional Office ("MARO").  On May 17, 2006, K.M. White, the

Regional Director of the MARO, denied the plaintiff's Request. White set forth a self-

explanatory narrative of the plaintiff's medical treatment following his arrival at USP-Big Sandy.

White's description expanded upon the plaintiff's treatment which Warden Hastings had earlier

outlined in March, 2006.  White stated as follows:

> "Review of your appeal with institution staff indicates your medical condition has
> been thoroughly evaluated and assessed.  Review of your medical record reveals you
> arrived at your current facility on February 2, 2006.  During initial intake screening,
> completed in the Receiving and Discharge Unit, you reported right shoulder and back
> discomfort as a result of an extended bus ride.   Physical examination was
> unremarkable and you were given an appointment time for a later date.  On February
> 7, 2006, you reported to the Ambulatory Care Clinic for a scheduled appointment.
> You reported right shoulder discomfort but did not voice complaints of lower back
> discomfort.  Physical examination was unchanged from your previous evaluation.
> You were prescribed an oral anti-inflammatory agent for treatment of your
> discomfort. On February 22, 2006, you returned to the clinic with complaints of right
> shoulder discomfort and requested authorization for lower bunk housing.  Following
> examination, a diagnostic x-ray of your cervical spine and right shoulder was
> ordered.   Your request for a lower bunk authorization was denied because your
> physical limitations did not meet the required medical criteria.  On February 23,
> 2006, diagnostic x-rays of the cervical spine and right shoulder were performed.
> Results of this study revealed degenerative disc disease at the C5-6 level and
> widening of the acromioclavicular (AC) joint, possibly from prior partial clavicle
> resection and mild degenerative joint disease.  Your prescription for a oral anti-
> inflammatory agent was continued and you were advised to return to the clinic for
> follow-up treatment as necessary.
>
> Your medical plan of care, developed and implemented by your primary care

5

provider team, is adequate and complete.  Your condition has been sufficiently
addressed and prescribed medication and treatment is appropriate.  There is no
evidence to support your report of receiving improper care for lower back, right knee
and right shoulder discomfort.  You are encouraged to continue to work with your
primary care provider team."

[K.M. White Response to BP-10, 5/17/06]

BP-11 "Request for Administrative Remedy"

Not satisfied,  the plaintiff filed an appeal to the BOP's Central Office.  In his BP-11  appeal,

the plaintiff stated "See Attach Tort Claim # TRT-MXR-2006-03278."  The plaintiff  did not,

however, attach any FTCA administrative claim to the instant *Bivens* complaint.  On July 13, 2006,

Harrell Watts of the BOP's Central Office denied the plaintiff's final appeal.  Watts noted that except

for the order to take Motrin, the plaintiff had not been prescribed any medication upon his transfer

from either USP-Lee or USP-Atlanta.  He stated that upon intake screening at USP-Big Sandy, it was

determined that the plaintiff was under no orders to take any prescribed medication.

Watts concluded that based upon that fact, and upon the fact that the plaintiff was instructed

to continue to report to sick call for continued evaluation of his shoulder condition, the treatment

which the plaintiff had received at USP-Big Sandy was "in accordance with Bureau policy during

the intake screening procedure on February 2, 2006."

DISCUSSION
1. *Bivens* Eighth Amendment Claims
A.  Standard of Review

In order to state a cognizable claim under the Eighth Amendment regarding medical care,

a prisoner must show both "deliberate indifference" and a "serious medical need."  *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976).  To substantiate an allegation of deliberate indifference, a

prisoner must establish that the deprivation was sufficiently serious *and* that officials acted with a

6

sufficiently culpable state of mind.  *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992).

The Eighth Amendment claims contain both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991).  The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981).  The subjective component requires the plaintiff to demonstrate that prison officials acted wantonly, with deliberate indifference to the plaintiff's serious medical needs.  *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994).

Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice.  *Id.* at 835-36.  Deliberate indifference has also been defined as "more than mere negligence, but 'something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'"  *Foy v. City of Berea*, 58 F.3d 227, 232 (6th Cir. 1995) (quoting *Farmer v. Brennan*).

Allegations of medical malpractice or negligent diagnosis and treatment are not cognizable under §1983.  *See Estelle v. Gamble*, 429 U.S. at 106; *Birrell v. Brown*, 867 F.2d 956,958 (6th Cir. 1989).  The concept of deliberate indifference has been equated with wantonness and with acts that are taken with criminal recklessness.  *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994).  An official must show a conscious disregard to a substantial risk that the inmate will experience serious harm.  *Farmer v. Brennan*, 114 S. Ct. at 1979.

B.  Application of Standard to Facts

The plaintiff complains that Drs. Bhadra and Ramirez refuse to provide him with additional and different medical treatment of an unspecified nature.  He claims that the treatment

7

which they have provided to him violates the Eighth Amendment's prohibition against cruel and
unusual punishment because it has not caused his pain to subside.

The plaintiff's Eighth Amendment claim is deficient for two reasons.  First, the plaintiff's
failure to mention or discuss, with any degree of specificity, Dr. Bhadra's or Dr. Ramirez's
alleged inadequate course of treatment renders the claims against them overly broad and
conclusory.   A court is not required to "conjure up unpled allegations."  *Wells v. Brown*, 891
F.2d 591, 594 (6th Cir. 1989).  "A plaintiff will not be thrown out of court for failing to plead
facts in support of every arcane element of his claim.  When a complaint omits the facts that, if
they existed, would clearly dominate the case, it seems fair to assume that those facts do not
exist."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

Simply put, the plaintiff's allegations against the named doctors are simply too broad and
vague to implicate a constitutional claim.  His sweeping allegations, that the two named doctors
violated his Eighth Amendment constitutional rights, are deficient because they fail to describe in
any manner what Drs. Bhadra and Ramirez, *specifically*, failed to do.  *Bivens* requires a showing
that the named defendant performed the acts that resulted in the deprivation of a constitutional
right.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76, 96 S.Ct. 598 (1976); *Bivens*, 403 U.S. at 390
n.2; *Williams v. Mehra*, 135 F.3d 1105, 1114 (6th Cir.1998).  Liability under *Bivens* is personal
and is based upon each defendant's own constitutional violations.  *Trulock v. French*, 275 F.3d
391, 402 (4th Cir. 2001).

The plaintiff's very broad and general complaints could apply to anyone on the medical
staff at USP-Big Sandy, because the plaintiff makes no specific mention of either doctor named
as a defendant.  His claims against Drs. Bhadra and Ramirez are inadequate to warrant further

evaluation by the Court.   *See  O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994); *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987); *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981); *Davidson v. State of Georgia*, 622 F.2d 895, 897 (5th Cir. 1980); *Alston v. Gluch*, 900 F.2d 259, 1990 WL 47388, **1 (6th Cir. (Mich.) April 16, 1990) (Unpublished Disposition) (petitioner's allegations were too vague and conclusory to adequately allege a First Amendment claim).

Second, the plaintiff generally alleges that "USP Big Sandy" did not do enough to treat his condition, although he acknowledges that he was given pain medication and was evaluated by prison staff (here and at USP-Lee) on several occasions.  The plaintiff now broadly claims that some other treatment--which he does not identify or explain--is necessary or would result in the disappearance of his shoulder pain.  He has produced no medical opinion, or even any medical reports or notes, which verify or even suggest that at this time, any other treatment is necessary, available, or even preferable.

It appears that the plaintiff is not satisfied with the conservative medical solutions offered to him.  It is not that the plaintiff has not been offered medical care so much as it is that he does not prefer the kind of medical services that have been offered.  When a plaintiff claims deliberate indifference to his serious medical needs but the case involves a difference of opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment, no claim is stated.  *Estelle v. Gamble*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  Even if mistakes in diagnosis and treatment are made, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at

9

106.[3]

At the most, the plaintiff has set forth an argument over the sufficiency of the conservative course of medical treatment he received at USP-Lee, and which he has been receiving at USP-Big Sandy.   The BOP's responses, which the plaintiff has produced, indicate that the plaintiff has been X-rayed and that prison medical staff has evaluated the plaintiff on several occasions.  The staff has determined that the plaintiff suffers from a chronic shoulder condition which requires monitoring on an as-needed basis.  The plaintiff has been given pain medications to reduce pain and inflamation.  The BOP noted that there was no record of the plaintiff having voiced any complaints at USP-Big Sandy about his other condition, his back.

In summary, the plaintiff is criticizing the conservative course of treatment offered to him as being "inadequate."   A dispute over the adequacy of medical care rendered to a prisoner generally does not rise to the level of an Eighth Amendment violation.  *Westlake v. Lucas*, 537 F.2d at 860 n.5.[4]  Under the facts of this case, the plaintiff has not asserted grounds authorizing the Court to deviate from this rule.  The plaintiff has established neither *deliberate* indifference

---

[3]  There are numerous unpublished Sixth Circuit opinions which adopt *Westlake v. Lucas'* holding that where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and to constitutionalize claims which would sound in state tort law.  *See Wilson v. Wilkinson*, 62 Fed. Appx. 590, 2003 WL 1795812 (6th Cir. (Ohio) April 1, 2003) (Not selected for publication in the Federal Reporter); *Wooley v. Campbell*, 63 Fed. Appx. 789, 2003 WL 1795708 (6th Cir. (Tenn.) March 27, 2003); *Wright v. Sapp*, 59 Fed. Appx. 799, 2003 WL 1465184 (6th Cir. (Ky.) March 17, 2003); and *Simpson v. Ameji*, 2003 WL 236520 (6th Cir. (Ky.) January 30, 2003).

[4]  To the extent the plaintiff may be alleging mere negligence in his medical treatment, such a claim should be asserted in state court, not federal court.  Federal courts do not have jurisdiction over actions regarding "duties that are analogous to those traditionally imposed by state tort law." *Lewellen v. Metropolitan Govt., et al.*, 34 F.3d 345, 351 (6th Cir. 1994) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citations omitted)).

to his medical condition, nor *any* culpable state of mind on the part of the named defendants. The *Bivens* claims asserted in the complaint will be dismissed with prejudice. *See* 28 U.S.C. §1915(e)(2)(ii).

## 2. FTCA Claim

The plaintiff has referred to, but has not produced for the Court's review, a copy of his FTCA claim ( # TRT-MXR-2006-03278)  which would indicate that he has fully and completely exhausted his FTCA claim in accordance with the FTCA's requirements.  The Court will dismiss that claim without prejudice.  A plaintiff bringing a negligence claim under the FTCA must exhaust the administrative remedies associated with the FTCA prior to bringing his action to federal court.  28 U.S.C. §2675(a).[5]  A person alleging the existence of a negligence claim must present his claim in writing within two years after such claim accrues.  28 U.S.C. §2401.  "The FTCA bars claimants from bringing suit in the federal court until they have exhausted their administrative remedies."  *McNeil v. United States*, 508 U.S. 106,113 (1980); *Tinker-Bey v. Meyers*, 800 F.2d 710 (7th Cir. 1986); *Allison v. Gay*, 50 Fed. Appx. 719, 2002 WL 31473047 (6th

---

[5] 28 U.S.C. §2675(a) provides as follows:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.** The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.  The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.  (Emphasis Added)

Cir. (Mich.) October 30, 2002) (District Court lacked subject matter jurisdiction of Allison's claims because she failed to exhaust her administrative remedies under the FTCA); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981).  Exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit.  *See Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997); *Joelson v. United States,* 86 F.3d 1413, 1422 (6th Cir. 1996)

The instant plaintiff indicates that he presented his negligence claim to the BOP under the FTCA's administrative remedy procedure, but the record lacks the documentation to support that claim.  Therefore, the Court lacks subject matter jurisdiction over the plaintiff's FTCA claims, because there is nothing in the record suggesting that the plaintiff first presented his FTCA claim to the BOP for informal resolution.  Accordingly, the Court dismisses without prejudice the plaintiff's construed FTCA negligence claim for failure to exhaust, in accordance with FTCA requirements.[6]

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)      The plaintiff's Eighth Amendment *Bivens* claims against the named defendants are **DISMISSED WITH PREJUDICE**.

(2)      The plaintiff's FTCA claims are **DISMISSED WITHOUT PREJUDICE**.

(3)       Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

---

[6] The plaintiff is advised that if he does intend to assert a claim under the FTCA, he will be required to file a **new** action asserting claims those claims.  He will not be permitted to amend this complaint.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), which holds that a district court is not authorized to allow the plaintiff to amend a dismissed complaint in order to cure deficiencies.

This the 16th day of October, 2006.

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**